OPINIONS

GARY P. SULLIVAN, Chief Justice.
This matter arises from an Order dismissing a criminal complaint “without prejudice” due to failure of service on sufficient number of jurors to conduct trial, the Honorable Barry Bighorn Sr., presiding. Prosecutor appeals citing miscarriage of justice occurred when Tribal Court held prosecutor’s office responsible for failure to serve jurors. We reverse and remand.
BRIEF FACTUAL OVERVIEW AND PROCEDURAL HISTORY
According to the police report, on December 18, 1999, Sgt. Martell, a Tribal Police officer, was dispatched to 1006 Chokecherry, Poplar, to assist Mary Lou Azure. Upon arrival Mary Lou told Sgt. Martell that defendant was intoxicated and had her 12 year old daughter with him in a vehicle. Sgt. Martell subsequently located the vehicle and made several attempts to pull the defendant over. After continuing several blocks further, defendant finally pulled the vehicle over. Sgt. Martell approached the vehicle and asked the defendant three times to turn the engine off. When defendant refused, Sgt. Martell reached into the vehicle to turn the engine off and was struck in the face by the defendant. After a brief scuffle the defen *237 dant was subdued and arrested for violation of Title III CCOJ § 407(a).
Defendant was arraigned on December 20, 1999, and a pre-trial conference scheduled for January 25, 2000, with a jury trial following on June 1, 2000. The record shows that the pre-trial conference was continued to February 17, 2000.
On the day of the trial it was noted that only one potential juror had been served. The prosecutor made a motion to continue and the defense made a motion to dismiss. The Tribal Court dismissed the matter “without prejudice”.
ISSUES PRESENTED
The tribal prosecutor claims that the Tribal Court erred in placing the burden on its office to serve potential jurors when, in fact, the prosecutor’s office is a separate agency from Law Enforcement and has no authority to serve subpoenas.
STANDARD OF REVIEW
We use the ‘abuse of discretion’ standard for reviewing denial of motions.
DISCUSSION
We know of no case within Indian Country, the federal courts, or any of the states, which deals with a trial court’s denial of a motion to continue when an insufficient jury pool exists. Virtually every case involving insufficient jurors resulted in a continuance until such time as a sufficient pool was available. Further, we found no statutory or case law authority supporting a trial court’s dismissal of a criminal complaint without an infringement on defendant’s fundamental rights. The most likely scenario supporting a dismissal would involve a ‘speedy trial’ issue. In the case before us, no reason is given for the defendant’s motion and the Tribal Court does not provide any basis for its order. In the ‘Notice of Appeal’ the Tribal Prosecutor claims the Tribal Court judge reasoned that the “... burden lies on the Prosecution as an arm of the Tribes to serve jurors.” We found no legal support for this proposition.
In reviewing the procedural history of this case, we find no ‘speedy trial’ issue. Defendant was arraigned within two days of the alleged violation and was brought to trial within five months and 11 days of his arrest. A short delay to empanel a sufficient jury pool would not have jeopardized any of defendant’s fundamental rights and yet, a dismissal deprives the alleged victims of an opportunity to be heard.
A dismissal of a civil or criminal matter is the ultimate sanction and should be used sparingly and must never be utilized without substantial legal authority. A full trial on the merits should always be favored to allow litigants ‘their day in court’. To do otherwise is manifestly unjust.
The Tribal Court attempted to ameliorate its own error by specifying in its order that the dismissal was “without prejudice”. We presume the Tribal Court left the door open for the prosecutor to re-file the charges. If true, we credit the Tribal Court with having a lofty thought. However, we believe the loftier thought would have been to grant the prosecutor’s motion for continuance until such time as the Court could empanel a sufficient jury pool.
The Tribal Court abused its discretion by denying the prosecutor’s motion for continuance without any legal basis for doing so; the circumstances of the case did not warrant a dismissal but rather, strongly supported continuing the matter; and the burden for providing a sufficient jury pool lies with the Tribal Court and cannot be delegated to any litigant, even if that litigant is an arm of the Tribes.
*238 Accordingly, the order oí dismissal is/set aside.
NOW THEREFORE, it is lho order of this Court that the order of dismissal granted by the Tribal Court on June 1, 2000, is set aside and the matter is remanded for: further proceedings. Dated this 22nd day of February 2002.
CONCUR: GERARD ¡VI. SCHUSTER, Associate Justice, CARROLL, JAMES DeCOTEAU, Associate Justice.